VENABLE LLP
Daniel S. Silverman (SBN 137864)
Email: dsilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorney for Plaintiffs
Superbalife International, LLC,
Verified Nutrition, LLC, and Fred Buckley

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERBALIFE INTERNATIONAL, LLC, a Delaware limited liability company; VERIFIED NUTRITION, LLC, a Nevada limited liability company; and FRED BUCKLEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMARK, LLC, a Nevada limited liability company; MEDMARK LLC, a Nevada limited liability company; IHEALTH FULFILLMENT SERVICES LIMITED LIABILITY COMPANY, a New Jersey limited liability company; CHANNEL MARK VENTURES, an entity of unknown origin; GOLDEN STREET MEDIA, an entity of unknown origin; DANNY O'SHEA, an individual; EILEEN OLYMPIA CHAVEZ aka EILEEN OLYMPIA O'SHEA, an individual; BRENDAN O'SHEA, an individual; JOHN INDELLICATE, an individual; ANTHONY COSTELLO, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-8071<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION (15 U.S.C. § 1125(A));**<br>**(2) FALSE ADVERTISING (15 U.S.C. § 1125(A));**<br>**(3) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE SECTION 17200, *ET SEQ.*);**<br>**(4) COMMON LAW UNFAIR COMPETITION; AND**<br>**(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**DEMAND FOR JURY TRIAL** |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

19094010

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Plaintiffs Superbalife International, LLC ("Superbalife"), Verified Nutrition, LLC ("Verified Nutrition"), and Fred Buckley ("Buckley") (collectively, "Plaintiffs"), for their Complaint against Defendants Primark, LLC; Medmark LLC; iHealth Fulfillment Services Limited Liability Company; Channel Mark Ventures; Golden Street Media; Danny O'Shea; Eileen Olympia Chavez aka Eileen Olympia O'Shea; Brendan O'Shea; John Indellicate; Anthony Costello; and DOES 1 to 10, inclusive (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Superbalife markets and sells Prostavar, and Verified Nutrition markets and sells ProstaGenix.   Prostavar and ProstaGenix (collectively, "Plaintiffs' Products" or the "Products") are both all-natural prostate relief supplements.   Fred Buckley is the Founder and President of Superbalife and Verified Nutrition.  He has been in the dietary supplement business for 20 years, and his products and formulas—which have been sold in the millions— are currently sold in many of the world's leading retail stores, including Walmart, CVS, Walgreens, and Rite Aid.  Buckley has received numerous honors in the health food industry, including most recently the national 2015 recipient of the Health Freedom Hero Award by the National Health Federation, America's oldest non-profit health organization, formed over 60 years ago.  Plaintiffs have gained an excellent reputation for providing high quality products and excellent customer service.

2.     Plaintiffs began using the trademark Prostavar in 2007, and have actively and continuously marketed and sold Prostavar since on or about August 22, 2007.  Plaintiffs began using the trademark ProstaGenix in 2015, and have actively and continuously marketed and sold ProstaGenix since on or about May 1, 2015.  Plaintiffs primarily advertise the Products on television, radio, and the internet.  The majority of the Products' sales are made via the internet through Plaintiffs' websites.

1

19094010

3.  Defendants market and sell a competing prostate relief supplement product, Prostara ("Prostara" or the "Infringing Product"), which was first marketed and sold in 2015.  Defendants chose a nearly identical name to the already popular Prostavar, and use a color scheme and design that is almost the same as that used in connection with Prostavar, to confuse consumers.

4.  In the course of marketing their Infringing Product, Defendants have made and continue to make misleading claims against Plaintiffs' Products and in favor of the Infringing Product, by secretly sponsoring several websites including, but not limited to, the following: www.consumerhealthdigest.com, www.performanceinsiders.com, and www.menshealthwire.com ("Defendants' Websites").  Each of Defendants' Websites improperly seeks to divert traffic away from Plaintiffs' websites, which lawfully sell and promote Plaintiffs' Products, by providing fake and biased reviews of the Products and the Infringing Product as well as a fake ranking and rating system.  For example, the Infringing Product, is ranked "#1" and rated 5 out of 5 stars, while the Products are only rated 2.9 out of 5 stars and are not ranked at all.

5.  Defendants continue to engage in such unlawful conduct, despite Plaintiffs' written demand that they cease engaging in such conduct.  Rather, Defendants have instead made threats and derogatory comments to Plaintiff Buckley since receiving the cease and desist letter.

6.  Thus, Plaintiffs bring this action for false designation of origin, trademark infringement, and unfair competition; false advertising; unfair competition under California state and common law; and intentional infliction of emotional distress arising from the Infringing Product, the false and misleading advertising on Defendants' Websites, and the threatening and derogatory statements made to Plaintiff Buckley thereafter.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

2

19094010

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## THE PARTIES

7.  Plaintiff Superbalife International, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California, and business address at 1451 S. Robertson Blvd., Los Angeles, California 90035.

8.  Plaintiff Verified Nutrition, LLC is a Nevada limited liability company with its principal place of business in Henderson, Nevada, and business address at 2505 Anthem Village Drive, Suite 554, Henderson, Nevada 89052.

9.  Superbalife is the marketer and seller of a prostate relief supplement called Prostavar, the sales of and market for which have been, and continue to be, harmed by the conduct of Defendants as alleged herein.  Superbalife has used the trademark Prostavar continuously since 2007.

10.  Verified Nutrition is the marketer and seller of a prostate relief supplement called ProstaGenix, the sales of and market for which have been, and continue to be, harmed by the conduct of Defendants as alleged herein.  Verified Nutrition has used the trademark ProstaGenix continuously since 2015.

11.  Plaintiff Fred Buckley is an individual residing in Beverly Hills, California and having his business address at 269 S. Beverly Dr., Suite 374, Beverly Hills, CA 90212.  Buckley is a principal of Verified Nutrition and Superbalife.

12.  Upon information and belief, Defendant Primark, LLC is a Nevada limited liability company having its principal place of business in Carson City, Nevada and business address and registered agent address at 123 W. Nye Lane, Suite 129, Carson City, Nevada 89706.  American Corporate Enterprises, Inc. is the commercial registered agent for Primark.  Primark was dissolved on November 14, 2017, eleven days after Plaintiffs filed the initial complaint in this action. Upon information and belief, Defendant Primark was the parent company of other corporate Defendants and is the company Defendants used to originally file the

3

19094010

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   Prostara application for a trademark in September 2015, but Primark abandoned

2   the Prostara mark on November 21, 2016.

3       13.   Upon information and belief, Defendant Medmark LLC is, like

4   Defendant Primark, a Nevada limited liability company having its principal place

5   of business in Carson City, Nevada and business address and registered agent

6   address at 123 W. Nye Lane, Suite 129, Carson City, Nevada 89706, which is the

7   same address as Defendant Primark.  Like Primark, American Corporate

8   Enterprises, Inc. is also the commercial registered agent for Medmark.  Defendants

9   Primark and Medmark also have the same managers and owners: Defendants

10   Brendan O'Shea and Danny O'Shea.  Upon information and belief, Defendant

11   Medmark is now the parent company of the other corporate Defendants and is the

12   company Defendants used to file the Prostara application for a trademark in July

13   2017, after it was abandoned by the recently dissolved Primark.  In addition to the

14   same corporate profile, registered agent, address, and members, Primark and

15   Medmark are also very similar in their names.

16       14.   Upon information and belief, Defendant iHealth Fulfillment Services

17   Limited Liability Company, is a New Jersey limited liability company having its

18   main business in Montvale, New Jersey and business address at 2 Bradley Lane,

19   Montvale, New Jersey 07645.  Upon information and belief, Defendant iHealth

20   Fulfillment Services performs the shipping of the Infringing Product, as well as the

21   billing for the Infringing Product through MeritCard Solutions and Paysafe

22   Processing.

23       15.   Upon information and belief, Defendant Channel Mark Ventures is an

24   entity of unknown origin having its principal place of business in Chestnut Ridge,

25   New York and business address at 80 Red Schoolhouse Rd., Building 109,

26   Chestnut Ridge, New York.  Upon information and belief, Defendant Channel

27   Mark Ventures performs the advertising and marketing for Defendants' Websites

28   and the Infringing Product.

19094010

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

16.     Upon information and belief, Defendant Golden Street Media is an entity of unknown origin having its principal place of business in Nanuet, New York and business address at 401 N. Middleton Road, Nanuet, New York.  Upon information and belief, Defendant Golden Street Media performs the advertising and marketing for Defendants' Websites and the Infringing Product.

17.     Upon information and belief, Defendant Danny O'Shea is an individual residing in Montvale, New Jersey; having his residential address at 2 Bradley Lane, Montvale, New Jersey 07645 (the main business address of Defendant iHealth Fulfillment Services); and his business address at 123 W. Nye Lane, Suite 129, Carson City, Nevada 89706, the same address as Primark and Medmark.   Upon information and belief, Defendant Danny O'Shea is a manager and owner of Defendants Primark and Medmark, and a principal of iHealth Fulfillment Services as well as its registered agent for service of process.

18.     Upon information and belief, Defendant Eileen Chavez is an individual residing in Montvale, New Jersey and having her residential address at 2 Bradley Lane, Montvale, New Jersey 07645.   Upon information and belief, Defendant Eileen Chavez is married to Defendant Danny O'Shea, and is a participant in the wrongdoing alleged herein.

19.     Upon information and belief, Defendant Brendan O'Shea is an individual residing in Ridgewood, New Jersey; having his residential address at 305 Wastena Ter., Ridgewood, New Jersey 07450; and his business address at 123 W. Nye Lane, Suite 129, Carson City, Nevada 89706, the same address as Primark and Medmark.   Upon information and belief, Defendant Brendan O'Shea is a manager and owner of Defendants Primark and Medmark.

20.     Upon information and belief, Defendant John Indellicate is an individual residing in New Rochelle, New York and having his residential address at 174 Huguenot St. Unit 3002, New Rochelle, New York 10801.  Defendant John

Indellicate is a participant in the wrongdoing alleged herein, is affiliated with the corporate Defendants, and sent the harassing text messages described herein.

21.   Upon information and belief, Defendant Anthony Costello is an individual residing in New York and his residential address is unknown at this time.   Defendant Anthony Costello is a participant in the wrongdoing alleged herein and is affiliated with the corporate Defendants.

22.   Plaintiffs are currently unaware of the identities of Defendants DOES 1 to 10, and therefore sues such Defendants by such pseudonyms.   Upon information and belief, discovery will reveal the true identities of those Defendants and Plaintiffs will then amend this Complaint to identify those Defendants by name.

23.   Upon information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among Defendants, such that any individuality and separateness between and among them has ceased to exist, and Defendants, and each of them, are the alter egos of each other. Upon information and belief, at all material times herein, each Defendant was the agent, employee, partner, or representative of every other Defendant, and each has the authority to bind the others in transactions with third parties. Upon information and belief, each Defendant named herein committed acts and omissions leading to Plaintiffs' damages, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and in so doing acted within the scope and course of their agency with every other Defendant named herein and each of them authorized, directed, accepted, ratified, and approved of such actions.

## JURISDICTION AND VENUE

24.   This Court has original subject matter jurisdiction over this action

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

SECOND AMENDED COMPLAINT

19094010

pursuant to 15 U.S.C. § 1121 (original jurisdiction over federal trademark and Lanham Act claims), 28 U.S.C. §§ 1331 and 1338; and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

25.     This Court has personal jurisdiction over each of the Defendants because each Defendant has had continuous, systematic, and substantial contacts with the state of California, including doing business in California and expressly aiming their infringing and unlawful conduct at a California resident as well as California consumers.  Further, the unlawful acts described in this Complaint—including with respect to Defendants' Websites and marketing and sales of the Infringing Product—took place in the state of California.

26.     Each Defendant is subject to general personal jurisdiction in California and can be sued here on any claims.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that, among other things, a substantial portion of the events giving rise to this action occurred in this district.

## COMMON FACTUAL ALLEGATIONS

28.     Verified Nutrition and Superbalife are well-known, well-respected and extremely reputable marketers and sellers of ProstaGenix and Prostavar, respectively, which are both all-natural prostate relief supplements.  Fred Buckley is the Founder and President of Verified Nutrition and Superbalife.  Plaintiffs have gained an excellent reputation for providing high quality products and excellent customer service.

29.     Plaintiffs began using the trademark Prostavar in 2007, and have actively, exclusively and continuously marketed and sold Prostavar since on or about August 22, 2007.  Plaintiffs began using the trademark ProstaGenix in 2015, and have actively, exclusively and continuously marketed and sold ProstaGenix since on or about May 1, 2015.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

7

19094010

30.     Plaintiffs primarily advertise the Products on television, radio, and the internet.  For example, ProstaGenix is nationally advertised on television through an infomercial featuring the legendary Larry King, which infomercial is also shown on one of Plaintiffs' websites.  The majority of the Products' sales are made via the internet through Plaintiffs' websites.

31.     Plaintiffs have engaged in extensive and costly promotional activities, like the Larry King infomercial, and have invested substantial time, money, and effort in the Products, as well as their customer service, reputation, marketing, and trademarks.  As a result, Plaintiffs have developed substantial goodwill and an excellent reputation for the quality of the Products and their customer service, and consumers have come to associate the Prostavar and ProstaGenix trademarks with Plaintiffs.

32.     For example, Plaintiff Superbalife has used its distinctive blue and white color scheme and bottle design consistently and exclusively since 2007, and consumers have come to associate that trade dress with Superbalife, establishing exclusive rights in the trade dress.  Attached hereto as **Exhibit A** is a true and correct image of the Prostavar bottle.

33.     On information and belief, Defendants market and sell a competing prostate relief supplement, Prostara.  Prostara was first marketed in 2015, which is eight (8) years after Prostavar was first used and gained popularity.

34.     Defendants, with respect to the Infringing Product, chose a nearly identical name to Plaintiffs' Prostavar, and use a blue and white color scheme and design that is almost the same as that used in connection with Prostavar.  Attached hereto as **Exhibit B** is a true and correct image of the Prostara bottle.

35.     Defendants originally applied for a trademark of the Infringing Product in September 2015, but, after it was abandoned by the recently dissolved Primark, Defendants, through Medmark, applied for a trademark of the Infringing Product in July 2017.

8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

19094010

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

36.     Consumers have been and will be confused by Defendants' infringing actions.  Defendants' use of the nearly identical name, color scheme, and design in connection with a nearly identical product to Plaintiff's Prostavar product, is likely to cause confusion as to the source, sponsorship, endorsement, legitimacy, or affiliation of Defendants' goods and constitutes a violation of federal and state trademark and unfair competition laws, including the Lanham Act, 15 U.S.C. § 1125.

37.     The likelihood of consumer confusion is exacerbated by the Products and the Infringing Product being advertised and offered for sale in the same channels of trade via internet websites.

38.     Not only are Defendants selling the Infringing Products by consumer deception, but they are also diverting traffic away from Plaintiffs' websites and decreasing sales of the Products, by making misleading claims against Plaintiffs' Products and in favor of the Infringing Product on Defendants' Websites through fake and biased reviews, as well as a fake rating and ranking system.

39.     For example, on Defendants' Websites, Prostara is rated "#1" and is rated 5 of out 5 stars.  The Products, on the other hand, are not ranked at all and are only rated 2.9 out of 5 stars.  Attached hereto as **Exhibit C** are true and correct copies of printouts from Defendants' Websites reflecting these fake and biased reviews, ratings, and ranking of the Products and the Infringing Product.

40.     Defendants' Websites purport to give unbiased "reviews" of products in various categories, and purport to provide an accurate ranking and rating system. However, Defendants' Websites do not disclose the connection between Defendants or the Infringing Product, and Defendants' Websites.  In fact, the "About Us" page on Defendants' Websites actually falsely and misleadingly state that "No publisher, manufacturer, supplier or advertiser will ever influence the content, topics or posts made on this website."  Attached hereto as **Exhibit D** are

SECOND AMENDED COMPLAINT

19094010

true and correct copies of printouts of the "About Us" page on Defendants' Websites.

41.   Consumers are therefore left with the false impression that Defendants' Websites are published by unbiased third parties—especially with a website which includes "consumerhealthdigest" in the name—when, in reality, these websites are actually sponsored, owned, and controlled by Defendants.

42.   In addition, simple internet searches of the Products demonstrate that Defendants' Websites typically come up on the top of the first page of the search results.  On information and belief, Defendants purchase and/or use the names of the Products as keywords and metatags in Defendants' further efforts to promote the Infringing Product and disparage the Products.  This is another example of Defendants' infringement of Plaintiffs' intellectual property.

43.   For example, on Bing, the Search Engine Optimization is so good that Defendants'        https://www.consumerhealthdigest.com/prostate/prostagenix.html website is actually above Plaintiffs' Website, ProstaGenix.com, on the home page when the term "ProstaGenix" is entered.  Defendants' Website also appears when "ProstaGenix" is entered in Google.  And, the heading of Defendants' Website on when "ProstaGenix" is searched on Bing states: "ProstaGenix Review (Updated 2017) Does This Product Really Work?" and lists the fake 2.9 out of 5 stars rating. Below the heading, Defendants' Website listing states: "**ProstaGenix** WARNING: Do Not Buy **ProstaGenix** Until You Read This Review! Does **ProstaGenix** Work?" (emphasis in original).  Attached hereto as **Exhibit E** is a true and correct copy of a screenshot of this misleading website heading and listing.

44.   Similarly, when "Prostavar" is entered in Google, Defendants' Website, https://www.consumerhealthdigest.com/prostate/prostavar-rx.html, appears and its heading states: "Prostavar Rx Review (Updated 2017) Does This Product Really Work?" and lists the fake 2.9 out of 5 stars rating.  Below the heading, Defendants' Website listing states: "**Prostavar** RX WARNING: Do Not

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

10

19094010

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1   Buy **Prostavar** RX Until You Read This Review! Does it Work?" (emphasis in

2   original)   Attached hereto as **<u>Exhibit F</u>** is a true and correct copy of a screenshot

3   of this misleading website heading and listing.

4          45.     With respect to <u>https://www.performanceinsiders.com/prostagenix-</u>

5   <u>review.html</u>, Defendants' Website listing states the following: "**ProstaGenix**

6   ATTENTION: - Do Not Buy **ProstaGenix** Prostate Supplements Until You Read

7   This SHOCKING **ProstaGenix** Review & Find Out If It Really Works!"

8   (emphasis in original).  And, the fake 2.9 out of 5 stars rating is also listed here.

9   Attached hereto as **<u>Exhibit G</u>** is a true and correct copy of a screenshot of this

10  misleading website listing.

11         46.     Similarly, with respect to

12  <u>https://www.performanceinsiders.com/prostavar-rx.html</u>, Defendants' Website

13  listing states the following: "**Prostavar** RX ATTENTION: - Do Not Buy

14  **Prostavar** RX Prostate Supplements Until You Read This SHOCKING **Prostavar**

15  RX Review & Find Out If It Really Works!" (emphasis in original).  And, the fake

16  2.7 out of 5 stars rating is also listed here.   Attached hereto as **<u>Exhibit H</u>** is a true

17  and correct copy of a screenshot of this misleading website listing.

18         47.     Defendants Websites' listings for the Infringing Product, on the other

19  hand, reflect the 5 out of 5 stars rating and there is no "WARNING" or

20  SHOCKING" references made with respect to the Infringing Product.  Attached

21  hereto as **<u>Exhibit I</u>** are true and correct copies of screenshots of these misleading

22  website listings.

23         48.     Defendants created these secretly sponsored websites with biased and

24  fake reviews, ratings, and rakings with malice and the intent to harm Plaintiffs and

25  the sales of the Products, while unlawfully and wrongfully attempting to endorse

26  and  sell  Defendants'  Infringing  Product  for  Defendants'  commercial  gain,  at

27  Plaintiffs' expense.

28

19094010

SECOND AMENDED COMPLAINT

49.    On August 17, 2017, Plaintiffs sent Defendants a letter, demanding that Defendants cease their wrongful and infringing conduct.  Yet Defendants did not cease their unlawful conduct.

50.    Rather, they continue to engage in the irreparably harmful conduct described herein.  And, on August 22, 23, and 24, 2017, Plaintiff Buckley received various threatening and derogatory text messages from Defendant John Indellicate in response to Plaintiffs' cease and desist letter.   These text messages caused severe emotional distress to Plaintiff Buckley in that it contained several threatening and derogatory statements, in English and in Sicilian, including the following: "Somebody **better wise up quickly**"; "What was done was a **big no no**"; "Not to mention **the nose you hired** to handle your business"; "let's talk before someone pulls a very dumb move and **pisses off people who do not like to be pissed off**"; and "When Cos [Anthony Costello] calls you come...it is **not a option**" (emphasis added). Attached hereto as <u>**Exhibit J**</u> is a true and correct copy of these threatening and derogatory text messages.

51.    Defendants' Websites and their Infringing Product have decreased Plaintiffs' sales of the Products and have lowered Plaintiffs' conversions, as a result of consumer confusion caused by the Infringing Product as well as the biased and fake reviews, ranking, and rating system on Defendants' Websites.  Plaintiffs' decreased sales and lowered conversions were the natural and probable result of Defendants' unlawful conduct described herein.

52.    Defendants' actions have also caused and will further cause Plaintiffs irreparable harm to their name and reputation for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue and/or expand their unlawful activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiffs by, among other things:

12

19094010

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

a.  Depriving Plaintiffs of their statutory rights to use and control the usage of its Prostavar Mark;

b.  Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of Plaintiffs'' goods and Defendants' goods;

c.  Causing the public to falsely associate Prostavar with Defendants or vice versa;

d.  Causing the public to purchase the Infringing Product instead of the Products based on Defendants' fake and biased reviews, ranking and rating system;

e.  Causing incalculable and irreparable damages to Plaintiffs' goodwill and diluting the capacity of its Prostavar Mark to differentiate Plaintiffs' goods from the goods of others; and

f.  Causing Plaintiffs to lose sales.

53.    Accordingly, in addition to other remedies sought, Plaintiffs are also entitled to a preliminary and permanent injunction against Defendants.

## FIRST CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION (Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))

### (Against All Defendants)

54.    Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

55.    Defendants' use of the nearly identical name, color scheme, and design in connection with a nearly identical product, which is advertised, offered for sale and sold in the same channels of trade as Plaintiffs' Prostavar product, has caused, and if not enjoined will continue to cause, and are likely to cause, consumers to be confused, mistaken, or deceived as to the affiliation, connection,

13

or association of Defendants with Plaintiffs, with Plaintiffs' Prostavar Mark, or as to Plaintiffs' association, sponsorship, or approval of Defendants' business and/or goods.

56.    Defendants' conduct is without Plaintiffs' permission or authority. Upon information and belief, Defendants willfully, deliberately and maliciously engaged in the described activities with an intent to unfairly compete, injure Plaintiffs, and to cause consumer confusion.

57.    Defendants' use of the Prostara name as well as their blue and white color scheme and design, is confusingly similar, and in fact nearly identical, to the Prostavar Mark, and constitutes unfair competition, false designation of origin and trademark infringement in violation of 15 U.S.C. § 1125(a).

58.    Upon information and belief, Defendants have profited from this unfair competition, false designation of origin and trademark infringement.

59.    Defendants' conduct has caused damage to Plaintiffs in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Prostavar Mark, for which there is no adequate remedy at law.

60.    In light of the foregoing, Plaintiffs are entitled to an injunction prohibiting Defendants from using the Prostara Mark, or any mark or design confusingly similar to the Prostavar Mark for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, including Defendants' profits, in an amount not yet known, but which circumstances warrant trebling, as well as the costs of this action.

61.    This is an exceptional case under 15 U.S.C. § 1117(a) and Plaintiffs are entitled to an award of attorneys' fees.

//

//

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

14

## SECOND CAUSE OF ACTION

## FALSE ADVERTISING (15 U.S.C. § 1125(a))

### (Against All Defendants)

62.     Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

63.     Plaintiffs and Defendants are direct competitors in the dietary supplement industry, particularly with respect to prostate relief supplements.

64.     Defendants' fake and biased reviews, rating, and ranking system of the Products and the Infringing Product on Defendants' Websites are false advertising in violation of 15 U.S.C. § 1125(a) in that the fake and biased reviews, ratings, and rankings are likely to mislead consumers.

65.     Defendants' Websites— and the fake and biased reviews, ratings, and rankings of the Products and the Infringing Product contained therein—are a commercial advertisement in interstate commerce that falsely and materially misrepresents to Plaintiffs' customers and prospective customers that Plaintiffs' Products are inferior to the Infringing Product.

66.     Upon information and belief, Defendants' Websites—and the fake and biased reviews, ratings, and rankings of the Products and the Infringing Product contained therein—have enabled Defendants to sell their Infringing Product, to unsuspecting consumers, harming them as well as Plaintiffs, and supplanting sales of the Products.

67.     Upon information and belief, Defendants' Websites falsely and materially impact consumers' purchasing decisions, as consumers seek out the Products and are harmed when they instead purchase the Infringing Product.

68.     Defendants' conduct has thus caused damage and injury to Plaintiffs, and to their sales of the Products, and unless restrained by the Court, Defendants will continue to cause irreparable injury to Plaintiffs.

SECOND AMENDED COMPLAINT

19094010

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

69.     As a direct and proximate result of Defendants' Websites, Plaintiffs have incurred damages in an amount not yet known but to be proven at trial.  Such damages include, among other things, lost sales, harm to Plaintiffs' business reputation and goodwill, and harm to the value and goodwill of the brand and name of the Products.

70.     Defendants' aforementioned false advertising has been willful, wanton, malicious, and done with the intent to deceive.  Defendants knew, or should have known, that Defendants' Websites—and the fake and biased reviews, ratings, and rankings of the Products and the Infringing Product contained therein— were false and/or misleading, and were likely to deceive the public and to influence them to purchase the Infringing Product instead of the Products.

71.     Plaintiffs are therefore entitled to an award of their reasonable attorneys' fees and costs.

72.     As not all of Plaintiffs' damages are ascertainable, Plaintiffs have no adequate remedy at law, and are further entitled to a preliminary and permanent injunction against Defendants' false advertising.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION (CAL. BUS. & PROF. CODE SECTION 17200, *ET SEQ.*)

### (Against All Defendants)

73.     Plaintiffs repeat, re-allege, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

74.     Defendants have committed acts of unfair competition, as described in Business & Professions Code § 17200 *et seq.*, by providing, on Defendants' Websites, fake and biased reviews, ratings, and rankings of the Products and the Infringing Product to Plaintiffs' current or prospective customers; purchasing and/or using the names of the Products as keywords and metatags; and advertising Defendants Websites using Search Engine Optimization.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

19094010

SECOND AMENDED COMPLAINT

75.     Defendants' willful misconduct is unlawful because it violates numerous federal and state statutes, including but not limited to 15 U.S.C. § 1125(a).

76.     Defendants' willful misconduct is unfair because it offends established public policy; is immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and without justification; and significantly threatens or harms competition.

77.     Defendants' willful misconduct is fraudulent because it is likely to deceive reasonable consumers.

78.     As a direct and proximate result of Defendants' unfair, unlawful, and/or fraudulent conduct, Plaintiffs have suffered specific pecuniary damages and financial loss, including but not limited to: loss of current and future revenues from customers (i.e., lost sales); remediation measures to rehabilitate the public's impressions of their ethics, integrity and competence in the relevant markets, lost creative opportunities and other costs of litigation spent and to be spent to seek legal remedies for said unfair and unlawful conduct.   Plaintiffs are entitled to recover such damages.

79.     Plaintiffs are also entitled to an injunction restraining Defendants' willful misconduct, described above, and to such orders as may be necessary to restore to Plaintiffs' interest in any money or property, real or personal, which may have been acquired by means of Defendants' unfair competition.

## FOURTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

### (Against All Defendants)

80.     Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

17

19094010

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

81.     Defendants' actions including, but not limited to, Defendants' use of the name "Prostara" and use of a color scheme and design that is almost the same as that used in connection with Prostavar constitutes common law unfair competition.

82.     Defendants have engaged in the unlawful use of Plaintiffs' trademark, name and good will. Without limitation, Defendants' actions have caused, and in the future are likely to cause, confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendants' goods, thereby causing loss, damage, and injury to Plaintiffs and to the public.  Without limitation, Defendants knew that their conduct was likely to cause Plaintiffs harm.

83.     As a direct and proximate result of Defendants' unfair competition, Defendants have unjustly traded on Plaintiffs' goodwill, have unjustly enriched themselves, and have received revenues and profits in an amount that Plaintiffs will prove at trial.   According, Plaintiffs are entitled to restitution, and an accounting and disgorgement of any profits of Defendants.

84.     As the direct and proximate result of such unlawful actions, Plaintiffs have suffered and continue to suffer damages in an amount that Plaintiffs will prove at trial.

85.     As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer irreparable harm.  Defendants continue to infringe Plaintiffs' rights as set forth above and, unless the Court restrains and enjoins Defendants, Defendants will continue to do so.  Plaintiffs' remedy at law is not by itself adequate to compensate Plaintiffs for the harm inflicted and threatened by Defendants, and Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendants.  Plaintiffs thus seek an injunction.

18

19094010

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Buckley Against All Defendants)

86.    Plaintiff Buckley repeats, re-alleges and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

87.    Defendants' actions, in having Defendant Indellicate send—on behalf of himself and the other Defendants— threatening and derogatory text messages to Plaintiff Buckley in order to deter him from filing the instant Complaint to enforce and protect Plaintiffs' rights, are outrageous.  When Defendants, and each of them, committed the outrageous acts described in this complaint, they did so deliberately and intentionally to cause Buckley to suffer humiliation, mental anguish and emotional distress.   Defendants, and each of them, were aware that their outrageous actions would cause Buckley to suffer emotional distress.

88.    The above-described outrageous acts of Defendants, and each of them, constituted intentional infliction of emotional distress against Buckley.  As a result of Defendants' intentional infliction of emotional distress, Buckley has been harmed and has suffered from humiliation, mental anguish and emotional distress.

89.    Defendants, and each of them, committed said intentional infliction of emotional distress maliciously, for an improper and evil motive with the wrongful intent of injuring Buckley, to deter him from filing the instant Complaint and in conscious disregard of Buckley's rights.   Defendants' actions were part of a coordinated scheme to harass, humiliate and embarrass Buckley for Defendants' own financial gain so that Defendants can continue the unlawful conduct alleged herein.   Buckley is thereby entitled to punitive and exemplary damages from Defendants in a sum according to proof at trial.

19

19094010

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enters judgment against Defendants as follows:

1.    For judgment that:

    a.  Defendants have infringed Plaintiffs' trademark in violation of 15 U.S.C. § 1125(a);

    b.  Defendants have violated Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) as it relates to false advertising;

    c.  Defendants have unfairly competed with Plaintiffs in violation of California state law;

    d.  Defendants have unfairly competed with Plaintiffs in violation of California common law;

    e.  Defendants' conduct constituted intentional infliction of emotional distress against Buckley;

    f.  In all instances, Defendants acted in bad faith, willfully, intentionally, and/or in malicious disregard of Plaintiffs' lawfully protected rights.

2.    For an order enjoining Defendants, their agents, their servants, their employees, and their officers, and all those acting in concert or participation with them, who receive actual notice by personal service or otherwise, pending the final hearing and determination of this action, from directly or indirectly, anywhere in the world:

    a.  Marketing, displaying, advertising, promoting, selling or offering for sale any goods using Plaintiffs' Prostavar Mark, or confusingly similar marks, and any colorable imitations thereof;

    b.  Using any word, term, name or symbol or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

20

Plaintiffs, as to the origin of Defendants' goods, any false designation of origin, or false or misleading description or representation of fact;

c. Further infringing the rights of Plaintiffs' Prostavar Mark, or otherwise damaging Plaintiffs' reputation or goodwill;

d. Making or otherwise publishing false or misleading statements— including fake and biased reviews, ratings, and rankings— in connection with the description, marketing, promotion, advertising or sale of the Infringing Product and the Products;

e. Purchasing and/or using the names of the Products as keywords and metatags;

f. Advertising Defendants' Websites using Search Engine Optimization;

g. Committing any acts calculated to cause purchasers to believe that the Infringing Product is superior and/or should be purchased instead of the Products;

h. Engaging in conduct intended to mislead consumers through false advertisements such as these specified in this Complaint or other similar advertisements intended to mislead or confuse consumers regarding the Infringing Product and the Products;

i. Otherwise unfairly competing with Plaintiffs in any way;

j. Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; and

k. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts, or by passing on information allowing them to do so.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

21

19094010

3. For an order:

    a. Requiring Defendants to file with this Court and serve upon Plaintiffs within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    b. Requiring Defendants to publish a retraction on Defendants' Websites in which they published the fake and biased reviews, ratings, and rankings, wherein they acknowledge that these reviews, ratings, and rankings were in fact biased, fake, and sponsored by Defendants;

    c. Awarding any and all damages permitted by the Lanham Act, including compensation for damage to Plaintiffs' reputation among U.S. consumers; to the goodwill associated with Plaintiffs' name, brand, businesses, and product; and other damages in an amount not yet known, but to be proved at trial;

    d. Awarding Plaintiffs' actual damages and lost profits in an amount to be proven at trial;

    e. Awarding compensatory, consequential, statutory, exemplary and punitive damages, including Defendants' unlawful gains, to Plaintiffs in an amount to be determined at trial;

    f. Awarding Plaintiffs' treble damages for the willful and deliberate acts complained of herein;

    g. Awarding Plaintiffs damages, including restitution, to the full extent provided by California state law;

    h. Awarding Plaintiffs their costs of suit, including reasonable attorneys' fees;

    i. Awarding exemplary damages for Defendants' willful and intentional acts;

SECOND AMENDED COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

19094010

1       j.  Awarding pre-judgment and post-judgment interest to Plaintiffs; and

2

3       k.  Awarding such other and further relief as this Court deems just and proper.

4

5

### <u>DEMAND FOR JURY TRIAL</u>

6

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

7

8 Dated:  November 27, 2017          VENABLE LLP

9

10                   By:  /s/ Daniel S. Silverman
                           Daniel S. Silverman

11

12                   Attorney for Plaintiffs
                   Superbalife International, LLC,
                   Verified Nutrition, LLC, and Fred
                   Buckley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

SECOND AMENDED COMPLAINT

19094010